```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NOBLE RAMZI EL BEY, | CIVIL ACTION NO. 06-75 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| CHRISTORFER GRIMM, et al., |  |
| Defendants. |  |

**THE COURT** ordered the parties to show cause why the Court should not dismiss the claims asserted in Civil Action No. 06-75 (MLC) ("First Action"). (Dkt. entry no. 4.) The Court then consolidated El Bey v. Borough of Tinton Falls Municipal Court, Civil Action No. 06-1141 (MLC) ("Second Action") with the First Action. (8-3-06 Cons. Order.) The claims in the First Action seek to recover damages under 42 U.S.C. § 1983 ("Section 1983 Claim") and state law ("State Claims") arising from a stop of the plaintiff's car by a police officer. (Compl., at 2-5.) The Second Action appears to be the plaintiff's attempt to (1) remove the municipal-court proceeding arising from the citations issued in the traffic stop, and (2) bring Section 1983 claims against more defendants. (Rmv. Not., at 3.) The First Action and Second Action are brought pro se.

**THE PLAINTIFF** identifies himself as "Aboriginal, Indigenous Moorish American National." (Compl., at 2; Rmv. Not., at 3.) He alleges that he was (1) stopped by a police officer without probable cause due to (a) "bias," (b) "abrogation of the Rights

for the minorities," and (c) "profiling due to ethnic appearance," and (2) issued a summons. (Compl., at 2-5.)[1] The plaintiff initially failed to allege (1) for what crime or violation he was cited, and (2) whether the charge or charges had been resolved.

**IT APPEARS** that in an action to recover damages under Section 1983 due to racial profiling — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — (1) the Court must determine whether the claim, "if successful, would have the hypothetical effect of rendering the criminal conviction or sentence invalid," (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, the claim would be barred until the conviction was overturned, and (3) "situations . . . where the only evidence supporting the conviction is tainted by a possible constitutional violation that is the subject of a § 1983 action — are perhaps the quintessential example of when the Heck deferred accrual rule is triggered." Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted), cert. denied, 126 S.Ct. 1571 (2006); see Heck, 512 U.S. at 486-87 (stating Section 1983 claim to be dismissed if judgment for plaintiff would imply invalidity of conviction or sentence). The Court was concerned that if the plaintiff, as to the Section 1983 Claim, "were successful, it would have the

---

[1] The police officer appears to be the defendant listed as "Christorfer Grimm" of the defendant Borough of Tinton Falls Police Department.

hypothetical effect of rendering [a] future conviction invalid." Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008, at *5 (D.N.J. Aug. 16, 2005) (dismissing Section 1983 claim without prejudice under Heck); see Wright v. Camden City Police Dep't, No. 04-2750, 2005 WL 2406098, at *4 (D.N.J. Sept. 29, 2005) (granting motion to dismiss claim wherein plaintiff asserted stop was due to racial profiling and without probable cause, as plaintiff barred from "negat[ing] an element of the offense for which he was convicted" under Section 1983); Brown v. Kelsey, No. 04-299, 2005 WL 977854, at *1-*2 (D. Del. Apr. 27, 2005) (dismissing same type of claim on same ground). The Court was concerned that the Section 1983 Claim (1) was "premature under Heck and Gibson because [the plaintiff's] present cause of action for monetary damages must be deferred until [the] underlying state . . . prosecution is rendered invalid," and (2) should be dismissed without prejudice to the plaintiff to "reassert [the] claim for damages in a properly filed civil rights complaint" if the plaintiff "is able to successfully challenge [the] charges." Wivell v. Liberty Twp. Supervisors, No. 05-1912, 2005 WL 2562297, at *2 (M.D. Pa. Oct. 11, 2005). Thus, the Court considered dismissing (1) the Section 1983 Claim without prejudice as being premature, as it may render a hypothetical conviction invalid if the plaintiff were to prevail thereon, and (2) the State Claims without prejudice to recommence in state court under 28 U.S.C. § 1367(d).

**THE PLAINTIFF**, in response, asserted that the First Action and Second Action concern citations issued to him for, <u>inter alia</u>, driving an unregistered vehicle, driving without a license, and providing a false name. (2-14-06 Pl. Resp., at 1-2.) The plaintiff also asserted in the removal notice filed in the Second Action that pursuant to various treaties, statutes, and the "Divine Constitution and By-Laws of the Moorish Science Temple of America," only a federal court may adjudicate this matter. (Rmv. Not., at 14.) The defendants also have responded to the Court's inquiry. (3-6-06 Kingdon Resp.; 4-21-06 Kingdon Resp.)

**IT APPEARS** that the complaint in the First Action and the removal notice in the Second Action consist of rambling assertions, and thus violate the Federal Rules of Civil Procedure ("Rules"), which require that (1) a complaint contain "a short and plain statement of the claim," and (2) "[e]ach averment . . . be simple, concise, and direct." Fed.R.Civ.P. 8(a),(e).

**IT APPEARS** that the plaintiff is bringing the following claim against the State of New Jersey in the Second Action:

> The State of New Jersey thru [sic] commercial agencies, on the Drivers License has committed what is called in legal contemplation "Captis Diminutio Maxima," which is that my natural name has been murdered and I was resurrected as a non-natural, created entity subject to regulation and denied the protections of national and international law. This constitutes Fraud and denies due process of the law and the Freedom from the Practices and Policies of Apartheid described in the International Convention on the Suppression and Punishment of the Crime of Apartheid Adopted and opened

4

>    for signature, ratification by General Assembly
>    resolution 3068 (XXVIII) of 30 November 1973 at Articles
>    1, 2 and 3, and the right not to be compelled to perform
>    under any contract or agreement not entered into
>    voluntarily, intentionally and knowingly.

(Rmv. Not., at 12.)

**THE COURT** must construe a pro se complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court is not compelled to analyze a claim — such as this claim against the State of New Jersey — that is incomprehensible, and thus in violation of Rule 8. See Eisenstein v. Ebsworth, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint). Thus, the claim brought against the State of New Jersey will be dismissed.

**IT APPEARS** that the plaintiff is attempting to bring claims against the Borough of Tinton Falls Municipal Court, Judge Richard B. Thompson of that court, and the court administrator, Victoria Donlon, for their actions in overseeing the municipal-court proceeding. (Rmv. Not., at 3.) These claims — to the extent the plaintiff has arguably (1) stated cognizable claims, and (2) brought them properly — are barred under the absolute-immunity doctrine, as the alleged conduct concerns judicial acts.

5

Courts and judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). The absolute-immunity doctrine also extends to court staff. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993) (extending immunity to court clerks); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) (recognizing clerk immune when performing discretionary act or function at judge's direction); Marcedes v. Barrett, 453 F.2d 391, 391-92 (3d Cir. 1971) (extending immunity to court clerk and staff); Davis v. Phila. Cty., 195 F.Supp.2d 686, 688 (E.D. Pa. 2002) (stating judicial or quasi-judicial immunity applies to court clerk). Thus, the claims brought against the Borough of Tinton Falls Municipal Court, Thompson, and Donlon in the Second Action will be dismissed.[2]

**THIS COURT**, in addition, may not exercise jurisdiction over a municipal traffic-court proceeding. See Pa. St. Police v. Vora, 140 Fed.Appx. 433, 433 (3d Cir. 2005) (affirming order dismissing notice of removal of traffic-court matter, as district court may not exercise jurisdiction over attack of state traffic citation),

---

[2] The plaintiff, in attempting to remove the Second Action, improperly brought additional claims against the aforementioned defendants. But the issue is moot, as the Court has consolidated the Second Action with the First Action.

cert. dismissed, 126 S.Ct. 1572 (2006); see also Younger v. Harris, 401 U.S. 37, 43-45 (1971) (stating federal court may not interfere with pending state criminal proceeding).[3]  Thus, that part of the Second Action that concerns the adjudication of the plaintiff's traffic citations will be remanded to the Borough of Tinton Falls Municipal Court.[4]

**THE RESPONSE** of the plaintiff as to the Section 1983 Claim from the First Action demonstrates that it should be dismissed without prejudice pursuant to Gibson and Heck.  Thus, the Court will dismiss (1) the Section 1983 Claim without prejudice, and (2) the State Claims, to the extent any are cognizable, without prejudice to recommence in state court.

**THE COURT** notes that the plaintiff's status as a "Moorish American National" creates no jurisdiction under 28 U.S.C. § 1331. See Halabi v. Fields-El, No. 06-12203, 2006 WL 2161338, at *1-*2 (E.D. Mich. July 28, 2006) (granting motion to remand landlord-tenant action; rejecting jurisdiction based on defendants' claim

---

[3] See also McDonald v. Tenn., 79 Fed.Appx. 793, 794 (6th Cir. 2003) (affirming judgment dismissing notice of removal of traffic-citation proceeding); Haw. v. Brown, 42 Fed.Appx. 917, 917 (9th Cir. 2002) (affirming order remanding traffic-court action to state court).

[4] The Second Action was also untimely removed, as the citations were issued on September 24, 2005, the municipal court held a hearing with the plaintiff on October 4, 2005, and the removal notice was not filed until March 13, 2006. (See Rmv. Not., at 4; id. at Ex. B, Mun. Ct. Hearing Tr.; dkt. entry no. 1, Rmv. Not.) See 28 U.S.C. § 1446 (requiring removal within 30 days of party's notice of action).

of "rights as Sovereign American Moors under the Treaty of 1786"); King v. Corp. of U.S., No. 05-72849, 2005 WL 3320866, at *1,*4 (E.D. Mich. Dec. 7, 2005) (granting motion to dismiss complaint seeking halt of prosecution for failure to pay child support; rejecting jurisdiction based on plaintiff's claim of being a "Sovereign Indigenous Moor"); Hedrick v. Coleman, No. 05-73707, 2005 WL 2671327, at *1-*2 (E.D. Mich. Oct. 19, 2005) (dismissing complaint wherein plaintiffs claimed state foreclosure action "violates their rights as Sovereign American Moors," as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"); Great Seal Moorish Sci. Temple v. N.J., No. 05-345, 2005 WL 2396311, at *1 (E.D. Pa. Sept. 28, 2005) (granting motion to dismiss civil rights claim concerning impounding of car; rejecting jurisdictional assertion that plaintiffs (1) are of Moorish descent and thus not American citizens, (2) possess special rights, and (3) are not subject to American law).  The Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge